UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERWOOD MURRAY )<br>    Plaintiff,             )<br>                             )<br>v.                        )      Civil Action No. 1:14-cv-14050<br>                             )<br>WILLIAMSON &         )<br>BROWN, LLC           )<br>    Defendant,           )<br>                             ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.       INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Sherwood Murray, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4. Plaintiff, Sherwood Murray is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Worcester County, in the state of Massachusetts.

5. Defendant, Williamson & Brown, LLC is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Erie County, in the state of New York.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

8.  Sometime before October 29, 2014, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to October 29, 2014; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, on or around October 29, 2014, Defendant spoke to Plaintiff while he used his cellular telephone, and threatened to sue Plaintiff, and take him to court for an alleged debt, when it knew that it could not do so, and did not intend to do so, as only the current creditor could hope to take said action. Defendant is also not licensed to collect debts in the state of Massachusetts, making its debt collection attempt(s) unfair and unconscionable conduct in violation of the FDCPA. Plaintiff's attorney sent Defendant, via Certified U.S. mail, a demand letter pursuant to Massachusetts General Laws c. 93A et seq., which Defendant received but did not provide a response to.  This call by Defendant was a "communication", as defined by 15 U.S.C. § 1692a(2), and the conduct by Defendant was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692e, §1692e(5), §1692e(10), and §1692f, as well as in violation of Massachusetts state law.

### SUMMARY

13. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant Williamson & Brown, LLC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

14. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

15. As a result of the acts alleged above, Defendant caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

16. Plaintiff suffered actual damages as a result of these illegal collection communications by this Defendant in the form of emotional distress, frustration, upset, amongst other negative emotions.

17. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

### RESPONDEAT SUPERIOR LIABILITY

18. The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant Williamson & Brown, LLC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Williamson & Brown, LLC.

19. The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Williamson & Brown, LLC in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant Williamson & Brown, LLC.

21. Defendant Williamson & Brown, LLC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

### V.  CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

22. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of

the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**SECOND CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

26. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. At all relevant times, Defendant was engaged in trade or commerce.

28. Defendant's telephone calls were an attempt to collect a debt incurred primarily for personal, family, or household purposes from Plaintiff.

29. Defendant knowingly and willfully attempted to collect a debt in an unfair, deceptive, or unreasonable manner, including but not limited to the acts described above.

30. On September 11, 2014, Plaintiff, via attorney, mailed via Certified U.S. Mail a letter demanding settlement pursuant to M.G.L. 93A § 9, which Defendant, in bad faith, ignored upon receipt.

31. As a result of the call(s) Plaintiff suffered mental and emotional damages including inconvenience, emotional distress, and mental anguish.

32. As a result of the foregoing violations of Massachusetts state laws M.G.L. c. 93A, § 9, Defendant is liable to the Plaintiff for actual damages, or in the alternative $25.00 for each, unreasonable, unfair or deceptive debt collection attempt, whichever is greater. *See* M.G. L. c. 93A § 9; doubling or trebling any damages awarded, *Id.*; costs and reasonable attorney's fees, *Id.*; and ordering such further relief as shall be just and proper; from Defendant herein.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, actual damages from Defendant for the emotional distress suffered as a result

of the intentional and/or negligent Massachusetts state law violations; in respective amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Statutory damages from Defendant pursuant to M.G.L. c. 93A, § 9 et seq.

D. Punitive damages.

E. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to both 15 U.S.C. § 1692k(a)(3) and M.G.L. c. 93A, § 9.

F. For such other and further relief as the Court may deem just and proper.

Dated:   October 29, 2014               RESPECTFULLY SUBMITTED,
                                        By: /s/ Kevin Crick
                                        Kevin Crick, Esq.
                                        BBO:  680950
                                        Consumer Rights Law Firm, PLLC
                                        133 Main St., Second Floor
                                        North Andover, Massachusetts 01845
                                        Phone: (978) 420-4747
                                        Fax: (978) 409-1486
                                        kevinc@consumerlawfirmcenter.com
                                        **Attorney for Plaintiff Sherwood Murray**